UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RADIUM2 CAPITAL, INC.,

    Plaintiff,

  v.                                    19-CV-286
                                        DECISION AND ORDER
NDGS, LLC,
d/b/a Jack & Jill; *et al.*,

    Defendants.

On November 9, 2018, the Supreme Court of the State of New York, County of Erie, entered a judgment in favor of the plaintiff, Radium2 Capital, Inc. ("R2C"), against defendants NDGS, LLC, d/b/a Jack & Jill and Jenna Ross (collectively, the "judgment debtors"). Docket Item 1-2 at 13-14. On January 30, 2019, R2C commenced a post-judgment special proceeding under New York Civil Practice Law & Rules ("CPLR") 5225 and 5227 in state court to execute the judgment against the judgment debtors and the other defendants in this case. Docket Items 1-2 at 2-10; 11 at 21-22. On March 5, 2019, the defendants removed the case to this Court. Docket Item 1.

On May 22, 2019, R2C moved to remand to state court. Docket Item 11. On June 18, 2019, defendant Duane Johnson and the several incorporated-and-unincorporated-entity defendants responded, opposed remand, and cross-moved to transfer venue, Docket Item 17; on July 16, 2019, R2C replied to the defendants' opposition to its motion and responded to the cross-motion, Docket Item 18; and on July 18, 2019, the defendants replied on the cross-motion, Docket Item 19. For the reasons

that follow, this Court grants R2C's motion for remand, and the defendants' motion to transfer venue is therefore moot.

## DISCUSSION

**I.　THIS PROCEEDING IS ANCILLARY TO A PRIOR STATE PROCEEDING AND NOT SUBJECT TO REMOVAL.**

In its motion to remand, R2C argues that the proceeding is an ancillary proceeding to the judgment obtained in state court, not an independent action subject to removal. Docket Item 11 at 9. For the reasons stated in *High Speed Capital, LLC v. Corp. Debt Advisors, LLC*, 339 F. Supp. 3d 137, 140-43 (W.D.N.Y. 2018) (Wolford, J.), this Court agrees. Because this proceeding is ancillary to the underlying case from which the judgment was obtained, removal to this Court was improper, and remand is appropriate. *See id.*; *see also Multibank, Inc. v. Access Glob. Capital LLC*, 2017 WL 6028535, at *6-*8 (S.D.N.Y. Dec. 4, 2017); *Finn v. Rotating Valve Corp.*, 25 F. Supp. 206, 207 (S.D.N.Y. 1938).

**II.　THE DEFENDANTS WAIVED THE 28 U.S.C. § 1447(c) 30-DAY DEADLINE.**

The defendants argue that R2C's remand motion is untimely. Docket Item 17-1 at 12. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). In this case, the defendants filed the notice of removal on March 5, 2019, Docket Item 1; but R2C's motion for remand was filed on May 22, 2019, Docket Item 11 at 16-17, more than 30 days later.

The § 1447(c) deadline "is plainly mandatory." *Phx. Glob. Ventures, LLC v. Phx. Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005). But the Second Circuit has "never

2

held it to be jurisdictional, nor is there any statutory language that purports to limit the court's power to consider an overdue motion." *Id.* In light of that, R2C argues that this Court should entertain its late remand motion because "the removal has a significant defect" and the defendants "have known that [R2C] intended to file a motion for remand and the bases of that motion since two days after the removal was filed." Docket Item 18 at 10. What is more, "the April 4, 2019 stipulation between the parties, which was entered during the thirty days (30)[,] expressly prohibit[ed] a remand motion from being filed in the case until after May 15, 2019." *Id.* Indeed, in that stipulation, the parties explicitly agreed that "prior to May 15, 2019, the parties shall not . . . seek to remand the action to the State Court." Docket Item 8 at 2. So the plaintiff agreed not to move to remand until after May 15, *id.*, and the motion to remand was filed just a week later, Docket Item 11.

Because § 1447(c)'s 30-day deadline is not jurisdictional, *see Phx. Glob. Ventures*, 422 F.3d at 75, it is best characterized as a mandatory claim-processing rule. "[N]onjurisdictional claim-processing rules . . . 'seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'" *Fort Bend Cty, Tex. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). "If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017). By stipulating that the plaintiff may "seek to remand the action to the State Court" only after May 15, 2019, the defendants expressly waived their § 1447(c) right to a timely remand motion within 30 days of removal. In fact, given that stipulation and the plaintiff's agreement not to move

3

to remand until after May 15, it is disingenuous of the defendants to argue otherwise. Therefore, this Court rejects the defendants' argument that R2C's remand motion must be denied as untimely.

### III. THE PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS

R2C asks for attorneys' fees and costs incurred in connection with its remand motion. Docket item 11 at 14. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." But a "court may award such fees 'only where the removing party lacked an objectively reasonable basis for seeking removal.'" *High Speed Capital*, 339 F. Supp. 3d at 144 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

This Court "arguably had diversity jurisdiction over this matter under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and because there could be complete diversity among the parties." *Id.* "Additionally, the Second Circuit has yet to provide binding precedent that a turnover proceeding under CPLR 5225(b) and 5227 is ancillary to the underlying state court litigation." *Id.* "Accordingly, the Court cannot hold that [the defendants'] removal of this case was objectively unreasonable and therefore denies [R2C's] request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c)." *Id.*; *see also Multibank*, 2017 WL 6028535, at *9 (finding that similar attorneys' fees request should be denied for the same reasons).

4

## **CONCLUSION**

For the foregoing reasons, R2C's motion to remand, Docket Item 11, is granted. The case is remanded to the New York State Supreme Court, County of Erie. The defendants' cross-motion to change venue, Docket Item 17, is denied as moot. The Clerk of Court shall close the file.

SO ORDERED.

Dated: August 15, 2019
Buffalo, New York

<i>s/ Lawrence J. Vilardo</i><br>
LAWRENCE J. VILARDO<br>
UNITED STATES DISTRICT JUDGE